Filed 3/11/25  P. v. Gutierrez CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>DANIEL GUTIERREZ,<br><br>　　　Defendant and Appellant. | F087283<br><br>(Super. Ct. No. MCR055290)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Madera County.  Dale J. Blea, Judge.

Valerie G. Wass, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Louis M. Vasquez and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]　　　Before Detjen, Acting P. J., Smith, J. and Snauffer, J.

**INTRODUCTION**

In 2022, appellant Daniel Gutierrez was convicted, in relevant part, of second degree murder with firearm use enhancements. During the pendency of his appeal, Gutierrez filed a petition for resentencing on his murder conviction pursuant to Penal Code[1] section 1172.6. The trial court denied Gutierrez's petition on its merits, finding that he was convicted as the actual killer, and thus, ineligible for resentencing relief as a matter of law. Gutierrez appealed.

The parties concede that the trial court lacked jurisdiction to address the merits of Gutierrez's petition for resentencing. We agree. The filing of the notice of appeal from his judgment of conviction divested the trial court of subject matter jurisdiction to address the merits of Gutierrez's petition. Consequently, the trial court's order denying the petition is null and void. We therefore reverse it and remand the matter back to the lower court for further proceedings.

**FACTUAL AND PROCEDURAL HISTORY**

On April 11, 2022, the Madera County District Attorney filed a first amended information charging Gutierrez with first degree murder (§ 187, subd. (a)) and two counts of possession of a firearm by a felon (§ 29800, subd. (a)(1)). As to count 1, the information further alleged firearm use enhancements (§ 12022.5, subd. (a)(1), 12022.53, subds. (b), (c), & (d)).

On April 26, 2022, a jury was empaneled.

On May 18, 2022, the jury began deliberations. That afternoon, they reached a verdict, finding Gutierrez guilty of second degree murder, both counts of felon in possession of a firearm, and finding the firearm use enhancement allegations to be true.

---

[1] All further undefined statutory citations are to the Penal Code unless otherwise indicated.

On July 8, 2022, the trial court sentenced Gutierrez to an indeterminate term of 40 years to life plus a determinate term of three years.

On July 12, 2022, Gutierrez filed a notice of appeal from his judgment of conviction.

On May 30, 2023, Gutierrez filed a petition for resentencing under section 1172.6.

On November 3, 2023, the trial court denied Gutierrez's petition, finding him ineligible for resentencing relief under section 1172.6.

Gutierrez filed a timely notice of appeal.

### Gutierrez's Underlying Conviction

The facts underlying Gutierrez's conviction are not relevant to the instant appeal. We have therefore omitted them from our discussion.

## DISCUSSION

### Trial Court Lacked Jurisdiction to Consider Gutierrez's Petition for Resentencing

Gutierrez contends, and the Attorney General agrees, that the trial court lacked the jurisdiction to consider the merits of his petition for resentencing. (§ 1172.6.) We agree with the parties.

"Once a notice of appeal is filed, jurisdiction vests in the appellate court until the appeal is decided on the merits and a remittitur issues." (*People v. Martinez* (2019) 31 Cal.App.5th 719, 729.) "Until the remittitur issues, the lower court lacks jurisdiction over the *subject matter* of the order or judgment on appeal. [Citation.] Thus, any order the lower court makes affecting an order or judgment on appeal is null and void if made before the remittitur issues." (*People v. Burhop* (2021) 65 Cal.App.5th 808, 813.)

Following the filing of a notice of appeal from his judgment of conviction, Gutierrez filed a petition under section 1172.6 seeking resentencing on his conviction for second degree murder. However, because his appeal was pending, the superior court lacked subject matter jurisdiction to address the merits of Gutierrez's petition. The trial

court's order denying Gutierrez's petition for resentencing is therefore null and void. We will reverse the trial court's order and remand the matter back to the lower court so that following the issuance of the remittitur on Gutierrez's appeal from his judgment of conviction, the trial court may address the merits of his petition for resentencing.

## DISPOSITION

The trial court's order denying Gutierrez's petition for resentencing is reversed and the matter is remanded back to the lower court for further proceedings.